IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHARON Y. SANDERS                                                                                           PLAINTIFF

v.                                         No. 3:08CV00172 JLH

LEE COUNTY SCHOOL DISTRICT NO. 1;
BOARD OF EDUCATION OF LEE COUNTY,
ARKANSAS; ELIZABETH JOHNSON, Individually
and as President and Member of the Lee County
Board of Education; MILTON HALL, Individually and as a
Member of the Lee County Board of Education;
VICTORY PERRY, Individually and as a Member
of the Lee County Board of Education; and
PEARLETHE COLLINS, Individually and as a
Member of the Lee County Board of Education                                                      DEFENDANTS

## OPINION AND ORDER

Sharon Sanders brought this action against the Lee County School District and the members of the Lee County Board of Education for racial discrimination under Title VII, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act. The defendants object to the action's venue and argue that the action should be transferred from the Jonesboro division to the Helena division of the Eastern District of Arkansas. Sanders disagrees and argues that the action should be allowed to remain in the Jonesboro division. For the following reasons, the action will be transferred to the Helena division.

Under federal law, any action "may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). When considering a motion to transfer, a court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, a motion under § 1404(b) for transfer within a district is judged

by a less rigorous standard than a transfer to another division under § 1404(a). *Edwards v. Sanyo Mfg. Corp.*, No. 3:05CV00293, 2007 WL 641412, at *1 (E.D. Ark. Feb. 27, 2007); *Johnson v. Burlington-Northern, Inc.*, 480 F. Supp. 259, 260 (W.D. Mo. 1979). When a court takes these factors into account, it may consider, among other things: (1) the accessibility to records and documents; (2) the location where the conduct complained of occurred; (3) judicial economy; (4) the plaintiff's choice of forum; (5) the comparative costs to the parties of litigating in each forum. *Terra Int'l*, 119 F.3d at 696.

In arguing for a transfer to Helena, the defendants point out that the plaintiff and defendants all reside in that division, that the contract in question was created in the division, and that relevant witnesses and records are located in that division. The defendants point out that Marianna, the location where the conduct took place and where the defendants reside, is 28 miles from Helena and 110 miles from Jonesboro. The plaintiff says that the distance between Marianna and Jonesboro is only 75 miles on a particular route and that her home in Wynne is closer to Jonesboro (40 miles) than to Helena (60 miles). The plaintiff also notes that her attorneys are in West Memphis, which she says is closer to Jonesboro than it is to Helena; the defendants' Little Rock attorneys are roughly the same distance (120 miles) from Jonesboro or Helena.

The contract at issue in this case and the plaintiff's employment occurred in Marianna, which is in the Helena division. Although the plaintiff says she is closer to Jonesboro than Helena, the fact remains that all of the parties are located within the Helena division. Any records or documents regarding the matter are likewise located in Marianna. It appears that the witnesses would most likely be in or near Marianna. The costs of litigation for the attorneys would be roughly the same in the Helena or Jonesboro division. The balance of convenience substantially favors Helena in this

case. Furthermore, the divisions within the district remain in part to allow people in the communities local access to the federal judiciary. Since this case involves a school district located within the Helena division and less than thirty miles from Helena, trial should take place in Helena so that patrons of the Marianna School District can attend. For these reasons, the defendants' request that this case be transferred to the Helena Division is GRANTED.

The Court orders that the Clerk transfer this case to the Helena division of the Eastern District of Arkansas.

IT IS SO ORDERED this 23rd day of December, 2008.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE