IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

SHARON Y. SANDERS                                                                                          PLAINTIFF

v.                                              Case No. 2:08CV00219 JLH

LEE COUNTY SCHOOL DISTRICT NO. 1, *et al*.                                            DEFENDANTS

## OPINION AND ORDER

Sharon Sanders has moved for an award of attorneys' fees . She prevailed in an action against the defendants pursuant to Title VII and 42 U.S.C. § 1983. The jury awarded compensatory damages totaling $70,825, and punitive damages totaling $7,000. The Court has now entered an order setting aside $60,825 in compensatory damages and all of the punitive damages, leaving plaintiff with a recovery of $10,000.

The motion for an award of attorneys' fees reflects that Sanders entered into a contingency fee arrangement with the firm of Rieves, Rubens & Mayton for a contingency fee of one-third of any recovery. She asks, in the alternative, for fees and expenses using the lodestar method that total $47,335.82. The defendants have objected to the fee request as excessive and have specified several particular items about the fee request to which they object.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983), the Court stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

That calculation, however, does not end the inquiry. "[T]he most critical factor is the degree of success obtained." *Id*. at 436, 103 S. Ct. at 1941. Thus, if "a plaintiff has achieved only partial or

limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. *See also Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 574, 121 L. Ed. 2d 494 (1992). "Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id*. at 114, 113 S. Ct. at 575 (quoting *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S. Ct. 2686, 2700, 91 L. Ed. 2d 466 (1986) (Powell, J., concurring in judgment)).

The requested fee would be about five times greater than the plaintiff's recovery. In this case, where no equitable relief was sought or obtained and where the plaintiff prevailed on only a small part of her claims, an award in that amount would be excessive. A fee award based on the contingency fee agreement between the plaintiff and her attorney would be more reasonable. An attorney's fee of $3,333.33 will be awarded. The plaintiff's authorized costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54 amount to $3,263.52. Therefore, the plaintiff will be awarded a total of $6,596.85 in attorneys' fees and costs. A judgment will be entered separately.

IT IS SO ORDERED this 27th day of September, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE